UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAWRENCE PENDARVIS,

**Plaintiff**

v.                                                  CASE NO: 8:04-CV-2261-T-27TGW

SUSAN HELMS, TOM LETTS, NOLAN
ALLEN, SUE GRAY, and THE FLORIDA
DEPARTMENT OF HEALTH,

**Defendants**
_____/

## ORDER

**BEFORE THE COURT** is The Department of Health's Motion to Dismiss Amended

Complaint, or in the Alternative Motion for Summary Judgment (Dkt. 23), Nolan Allen's Motion

to Dismiss Amended Complaint (Dkt. 30), Plaintiff's response to The Department of Health and

Allen's motions to dismiss (Dkt. 32) and Susan Helms and Tom Letts' Motion to Dismiss (Dkt. 40).[1]

Plaintiff initiated this action alleging federal and state law claims against his former

employer, The Florida Department of Health ("DOH"), Sue Gray, Susan Helms, Tom Letts, and

Nolan Allen (collectively the "Defendants"). Plaintiff claims the Defendants violated his

constitutionally protected rights when they seized his computer at work, searched the hard drive

attached to the computer and unconnected zip drive and turned the hard drive and zip drive over to

police, which ultimately led to his arrest and conviction for possession of child pornography. (Dkt.

---

[1] Plaintiff did not respond to Helms and Letts's motion.

1

16). Plaintiff asserts Fourth and Fourteenth Amendment claims pursuant to 42 U.S.C. § 1983 (Counts I - VI) and state law claims for false imprisonment (Counts VII - XI) against the Defendants. Plaintiff asserts a negligence claim against the DOH (Count XII) and malicious prosecution claims against Gray, Helms, Letts and Allen (Counts XIII - XVI).[2] (Dkt. 16).

The Defendants move for dismissal of Plaintiff's claims, arguing the claims are barred by the statute of limitations. Alternatively, the DOH argues Plaintiff fails to state a claim in Counts VI, VII, XI, and XII. (Dkt. 23). Allen contends counts IX and XV should be dismissed because Allen is entitled to qualified immunity and sovereign immunity. (Dkt. 30). Helms and Letts contend Counts I, II, VII, VIII, XIII, and XIV should be dismissed because Helms and Letts are entitled to qualified immunity and statutory immunity. (Dkt. 40). Helms and Letts alternatively argue Counts VII, VIII, XIII, and XIV fail to state a claim. (Dkt. 40).

## Applicable Standards

A court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) *(citations omitted); see also South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

---

[2] The DOH has filed a notice of Death of Defendant Sue Gray (Dkt. 24). Within the notice, the DOH requests that Gray's name be stricken from the action and that the action proceed against the remaining Defendants. Plaintiff did not object to the DOH's request. Accordingly, Sue Gray is no longer a party to this action.

## Discussion

1.    <u>Failure to State a Claim</u>

*Section 1983 Claims*

To sustain a § 1983 cause of action, a plaintiff must establish two elements: (1) that he suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *Wideman v. Shallowford Community Hospital*, 826 F.2d 1030, 1032 (11th Cir. 1987).    While the DOH correctly argues that intrusions on the constitutionally protected privacy interests of government employees for work-related searches, as well as for searches conducted as part of investigations of work-related misconduct, should be judged by a reasonableness standard under all the circumstances, the failure to allege all of the relevant circumstances in the complaint does not warrant dismissal. Albeit minimally, Plaintiff has alleged the elements of a § 1983 claim against the Defendants. (Dkt. 16, ¶ 6, 7, 11, 12,14, 15, 17, 18, 20, 21, 23-6, 28-31).    Accordingly, dismissal for failure to state a claim is not warranted.

*Malicious Prosecution Claims*

Under Florida law, a plaintiff must establish six elements to support a malicious prosecution claim: (1) an original judicial proceeding against the plaintiff was commenced or continued; (2) the defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the plaintiff; (4) there was an absence of probable cause in the original proceeding; (5) there was malice on the part of the defendant; and (6) plaintiff suffered damages as a result of the original proceeding. *Durkin v. Davis,* 814 So. 2d 1246, 1248 (Fla. 2d DCA 2002) (citing *Burns v. GCC Beverages, Inc.*, 502 So. 2d 1217

3

(Fla. 1986)).

While this Court agrees that Plaintiff has only minimally alleged the necessary elements and

that the allegations are somewhat conclusory, under the liberal pleading standard of Fed. R. Civ. P.

8, this Court cannot conclude that it appears beyond doubt that Plaintiff can prove no set of facts in

support of his claim which would entitle him to relief. (*See* Dkt. 16, ¶¶ 55-66). Accordingly,

dismissal of Plaintiff's malicious prosecution claims is not appropriate. *See Conley v. Gibson*, 355

U.S. 41, 45-46 (1957) (a court should not grant a motion to dismiss "unless it appears beyond doubt

that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief")

(citations omitted).

2.      Statute of Limitations

Rule 12(b)(6) is the appropriate mechanism by which to dispose of a case on statute of

limitations grounds.   Such a defense may serve as a basis for dismissal under Rule 12(b)(6) when

the time alleged in the complaint shows that the action was not brought within the statutory period.

*Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1251-52 (11th Cir. 2003).[3]

---

[3] A § 1983 action is governed by the forum state's general personal injury statute of limitations. *Reynolds v. Murray*, 170 Fed. Appx. 49, 50 -51 (11th Cir. 2006) (citing *Owens v. Okure*, 488 U.S. 235, 236, 109 S.Ct. 573, 574, 102 L. Ed.2d 594 (1989)). Federal law determines when the statute of limitations begins to run. *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). The statute begins to run "from the date 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.' " *Brown v. Ga. Bd. of Pardons and Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (quoting *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996)).

Plaintiff filed his complaint in Florida, where the alleged violation of his Fourth Amendment rights occurred and where the statute of limitations in personal injury actions is four years. *Fla. Stat*. § 768.28(14); *Joseph v. State Mut. Life Ins. Co. of America*, 2006 WL 2220726, *1 (11th Cir. 2006). Although Plaintiff does not plead in his complaint the dates of the searches, it is undisputed that the searches took place in 1996. The Florida appellate court's reversal of Plaintiff's criminal conviction occurred on February 18, 2000. *See Pendarvis v. State*, 752 So. 2d 75 (Fla. 2d DCA 2000). Plaintiff does not contend that the statute of limitations was tolled. Rather, Plaintiff asserts his claims accrued when the search and seizures were determined to be in violation of his Fourth Amendment rights, the evidence suppressed and the charges against him dropped.

Contrary to Plaintiff's assertion, his § 1983 claims accrued in 1996 when the searches were conducted and

The only date alleged in the Amended Complaint is the date Plaintiff commenced working for the DOH, which is not relevant to the statute of limitations analysis. (Dkt. 16, ¶ 5). While it appears that the parties agree on the date the alleged illegal search was conducted, that date is not alleged in the Amended Complaint, neither are other dates relevant to Plaintiff's argument in response to Defendants' statute of limitations defense, such as the date of Plaintiff's arrest, the date the state court granted Plaintiff's motion to suppress, and the date the charges filed against Plaintiff were dropped. With the exception of Plaintiff's false imprisonment claims, which he concedes are untimely, this Court concludes that the statute of limitations issue cannot be resolved at this stage of the litigation because such resolution would depend either on facts not yet in evidence or on construing factual ambiguities in the complaint in Defendants' favor, which would not be appropriate. *See Omar*, 334 F.3d at 1252. It is not apparent from the face of the Amended Complaint that Plaintiff's claims are untimely. Accordingly, dismissal at this stage of the proceedings is not appropriate.

However, this issue should be resolved promptly. Therefore, Defendant's request to convert the motion to dismiss into a motion for summary judgment is GRANTED. This Court will defer ruling on the motion for summary judgment for thirty (30) days to provide the parties an opportunity

---

not when the searches and seizure were "finally determined to have violated his Fourth Amendment rights and the evidence from it was suppressed." (Dkt. 32, p. 5). *See Joseph*, 2006 WL 2220726 at *1. A § 1983 cause of action premised on a violation of a plaintiff's Fourth Amendment rights is not dependent on an invalid criminal conviction. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)("[b]ecause an illegal search or arrest may be followed by a valid conviction, a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction"). Accordingly, Plaintiff's § 1983 claims accrued when "the facts which would support a cause of action" were apparent or should have been "apparent to a person with a reasonably prudent regard for his rights." Those facts were or should have been apparent to Plaintiff in 1996 when the illegal searches and seizures took place.

to present any relevant evidence and argument in support of or in opposition to the motion for summary judgment on the statute of limitations issue only. *See* Fed. R. Civ. P. 12(b) and 56, *Jones v. Auto. Ins. Co. of Hartford, Conn.*, 917 F.2d 1528, 1531 (11th Cir. 1990).[4]

**3.      Qualified Immunity and Statutory Immunity**

The Court defers ruling on Defendants' motions to dismiss on the grounds of qualified and statutory immunity until the statute of limitations issue has been resolved. If this Court determines that Plaintiff's § 1983 claims were timely filed, the Defendants may re-new their motions to dismiss on the grounds of qualified and statutory immunity. Accordingly, it is

**ORDERED AND ADJUDGED** that

1.      The Department of Health's Motion to Dismiss Amended Complaint (Dkt. 23), Nolan Allen's Motion to Dismiss Amended Complaint (Dkt. 30), and Susan Helms and Tom Letts' Motion to Dismiss (Dkt. 40) are GRANTED in part, DENIED in part, and DEFERRED in part.

2.      The motions are granted as to Plaintiff's false imprisonment claims. Therefore, Counts VII, VIII, IX, X and XI are DISMISSED.

3.      The DOH's motion to convert its motion to dismiss on statute of limitations grounds into a motion for summary judgment is GRANTED. This Court will defer ruling on the motion for summary judgment for thirty (30) days to provide the parties an opportunity to present any relevant evidence and argument in support of or in opposition to the motion for summary judgment on the

---

[4] While only the DOH requested the Court convert the motion to dismiss into a motion for summary judgment, this Court concludes that the statute of limitations issue as to all claims cannot be resolved upon a motion to dismiss and therefore, will provide each party the opportunity to submit evidence in accordance with Fed. R. Civ. P. 12(b) and 56 on the statute of limitations issue.

statute of limitations issue only. *See* Fed. R. Civ. P. 12(b) and 56, *Jones v. Auto. Ins. Co. of Hartford, Conn.*, 917 F.2d 1528, 1531 (11th Cir. 1990).

4.      This Court defers ruling on the Defendants' motions to dismiss on qualified or statutory immunity grounds. If this Court determines that Plaintiff's claims were timely filed, Defendant's may re-new their motions to dismiss.

**DONE AND ORDERED** in chambers at Tampa, Florida, on this ___21st___ day of September 2006.

JAMES D. WHITTEMORE
**United States District Judge**

<u>**COPIES TO**</u>:
Counsel of record

7